

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 26 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

VALERO PARTNERS
WEST MEMPHIS, LLC and
VALERO MKS LOGISTICS, LLC.

    Plaintiff,

vs.

Docket No. _____3:18- cv- 00049 DPM._____

SMITHLAND TOWING &
CONSTRUCTION, LLC anad WESTERN RIVERS
BOAT MANAGEMENT, INC.

This case assigned to District Judge ___MARSHALL___
and to Magistrate Judge_____DEERE_____

    Defendants.

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, Valero Partners West Memphis, LLC by and through counsel and

for its Complaint states as follows:

### Parties

1.    Plaintiff Valero Partners West Memphis, LLC is a limited liability company

organized under the laws of the State of Delaware.

2.    Plaintiff Valero MKS Logistics, LLC is a limited liability company organized

under the laws of the State of Delaware.

3.      Defendant Smithland Towing and Construction, LLC. is a limited liability company organized under the laws of the State of Kentucky with a principal place of business in the State of Kentucky and who may be served thorough its registered agent, Bobby R. Miller, Jr., 2660 West Park Drive, Suite 2, Paducah, KY 42001.

4.      Defendant Western Rivers Boat Management, Inc. is a corporation organized under the laws of the State of Arkansas with a principal place of business at 2660 S. Fourth Street, Paducah, Kentucky 42003 and who may be served through its registered agent, the Kentucky Secretary of State.

5.      Vessel WILLIAM E. STRAIT is owned and operated by Smithland Towing and Construction, LLC. and/or Western Rivers Boat Management, Inc.

## Jurisdiction

6. This is a case of admiralty and maritime jurisdiction brought under 28 U.S.C. 1333, within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

## Venue

7. Venue is proper in the Eastern District of Arkansas under 28 U.S.C 1391 (b) because the acts complained of and the allision which caused Plaintiff's damages occurred within this judicial district.

## Facts

8.      Plaintiffs, at all times material to this lawsuit, owned and still owns a terminal and dock and pipeline located in West Memphis, Arkansas.

9.  On or about December 13, 2015 the *WILLIAM E. STRAIT*, ID number 270550 was southbound (downstream) in navigable waters on the lower Mississippi River at or near mile marker 729 with thirty (30) barges in tow when it allided with the right descending bank causing approximately ten (10) barges in tow to break apart.  As a result of the tow being broken, one or more of the runaway barges subsequently allided with the terminal and dock and pipeline which is a functional, integral part of the dock and terminal.  In the alternative, the William E. Strait with its remaining barges in tow subsequently allided with the terminal and dock and functionally integrated pipeline owned by Plaintiffs.

10.   As a result of this allision, the dock and terminal, including the functionally integrated pipeline which is a part thereof, sustained extensive property damage rendering the dock and terminal, including the functionally integrated pipeline, unusable. Plaintiffs also sustained other associated losses and damages as hereinafter discussed.

## Defendants Negligence

11.   Plaintiffs would show that the aforementioned allision and Plaintiffs' resulting damages were caused by the negligence and failure to exercise reasonable care and prudent seamanship of the Defendants and their crew, and by the unseaworthiness of the WILLIAM E. STRAIT.   Defendants were negligent in the following particular, but not necessarily exclusive respects:

a. Failure to chart and maintain a safe course.

b. Failure to operate the *WILLIAM E. STRAIT* with sufficient clearance of the terminal and dock

c. Failure to keep an adequate lookout so as to avoid the allusion of the *WILLIAM E. STRAIT* with the terminal and dock.

d. Failure to take appropriate and necessary actions and precautions to avoid the allision.

e. Failure to exercise reasonably prudent operations under all the attendant circumstances;

f. Failure to proceed at a safe speed appropriate to the prevailing circumstances.

g. Failure to properly secure the barges.

h. Failure to properly ensure the crew of the *WILLIAM E. STRAIT* properly monitored the operations of the vessel and the barges it towed.

i) Failure to stop or slow the motor vessel in time to avoid the allision with the terminal and dock and/or the right descending bank.

j). Failure to maintain control of the motor vessel and/or its tow.

k) Failure to properly approach the bend or turn upriver from Plaintiff's terminal and dock including the functionally integrated pipeline and failure to keep the tow in control so as to avoid the tow from breaking apart and subsequently alluding with Plaintiff's terminal and dock including the functionally integrated pipeline.

12. Plaintiffs would show that the crew of the *WILLIAM E. STRAIT* was at all times material to this lawsuit employed by Defendants and operating the *WILLIAM E. STRAIT* within the course and scope of their employment with Defendants or in the

alternative were in charge of piloting and/or operating the *WILLIAM E. STRAIT* with the authorization, permission and consent of Defendants.

13. Plaintiffs would show that Defendants are presumed to be at fault by virtue of the legal presumption that arises when a moving vessel strikes a stationary object.

## Defendants Violation of the Inland Navigation Rules

14. Plaintiffs would show that the aforementioned allision and Plaintiffs' resulting damages were caused by Defendants' and its crew's violation of the Inland Navigation Rules, as authorized and issued pursuant to 33 USC § 2071, which constitute negligence per se or statutory fault, and include but not limited to, 33 CFR 83.02 (Rule 2); 33 CFR 83.05 (Rule 5); 33 CFR 83.06 (Rule 6); 33 CFR 83.07 (Rule 7); and, 33 CFR 83.08 (Rule 8).

15. Defendants violation of multiple Inland Navigation Rules identified above amounts to negligence as a matter of law and caused the injuries and damages to the terminal and dock, including the pipeline.

16. Plaintiffs would show that Defendants are presumed to have caused the aforementioned allision by virtue of the *Rule of Pennsylvania*, in that Defendants violated numerous Inland Navigation Rules identified above in Paragraph 14 of the Complaint.

## Damages

17. As a direct and proximate result of Defendants' negligence and violation of the Inland Navigation Rules, Plaintiffs suffered the following injuries, damages, losses and expenses in the amount of approximately 1.68 million ($1,680,000.00) Dollars:

a. Property damages.

b. Reasonable and necessary costs for repairs to the terminal/dock and its infrastructure.

c. Lost revenue and fees, charges, expenses and other incidental costs due to terminal and dock, including the pipeline, being unusable as a result of the allision.

### Prayer for Relief

For these reasons, Plaintiffs asks for judgment against Defendants for the following:

a. Actual and consequential damages

b. Reasonable and necessary repair costs.

c. Prejudgment and post-judgment interest.

d. Economic damages, including but not limited to, lost revenue and fees, charges, expenses, and other incidental costs due to terminal and dock be unusable as a result of the allision.

e. Any and all other relief to which it may be entitled under the circumstances.

Respectfully submitted,

SHUTTLEWORTH WILLIAMS, PLLC

BY: _____

Christopher H. Crain (AR#91219)
Michael G. Derrick (TN# 14820)
6077 Primacy Parkway, Suite 200
Memphis, TN 38119
(901) 526-7399
Attorneys for Plaintiffs