## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

VALERO PARTNERS
WEST MEMPHIS, LLC and
VALERO MKS LOGISTICS, LLC.

    Plaintiff,

vs.                                              Docket No. 3:18-cv-00049 DPM

SMITHLAND TOWING &
CONSTRUCTION, LLC and WESTERN RIVERS
BOAT MANAGEMENT, INC.

    Defendants.

## AGREED PROTECTIVE ORDER

It being represented to the Court that the Defendants have requested documents and things from Valero Partners West Memphis, LLC and Valero MKS Logistics, LLC. ("Plaintiffs"), which involve trade secrets, confidential research, proprietary materials, certain financial information, information that may be pertinent to safety and security, and development and commercial information belonging to Plaintiffs; and it being represented to the Court that Plaintiffs are willing to provide certain documents and things for inspection and review only under a Protective Order on the following terms; and

It being represented to the Court that all of the parties are in agreement on the terms of the Protective Order; therefore,

It is hereby ORDERED that:

1. Plaintiffs will disclose documents and things that it designates as "Confidential" or "Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. Confidential or proprietary documents and things, as well as their contents, shall be maintained in confidence by all parties this case and their counsel. These materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Plaintiffs or until further Order of this Court.

3. Confidential or proprietary documents or things must be used only for purposes of this case and no other purpose. No person who examines any document or thing produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) or the information in it, to any person not also authorized to examine documents under the terms of this Order.

4. Confidential or proprietary documents and things shall not be filed on the public docket. This kind of material, and its contents, shall be redacted if practicable from any filing with the Court. *Fed R. Civ. P. 5.2.* If redaction is impracticable, then a party must move for permission to file a document or thing under seal. The party must

make a document-by-document showing that sealing is necessary to protect the information.

5. The parties to this case and their counsel may permit an expert or experts hired by the parties in this case to review the documents subject to this Protective Order, but counsel for the parties must first obtain from each expert a written statement confirming the expert's agreement to comply with every element of this Protective Order. The expert shall agree that the documents or things, and their contents, shall not be disclosed to any other person or entity and these documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be destroyed or returned to counsel within 30 days of the conclusion of this case pursuant to the terms of paragraph 7 below.

6. This Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order. And nothing in this Order shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

7. At the conclusion of this lawsuit be it by settlement, verdict, dismissal by judgment, order, or otherwise, all materials of Plaintiffs, including any and all copies, or renditions made from the materials or things provided or disclosed in accordance with this Protective Order, shall be destroyed or returned to Plaintiffs' counsel within 30 days. This Order shall be in effect for 120 days after this litigation is concluded.

8. In the event of a dispute about whether a document is confidential or proprietary, counsel will confer in good faith in person before bringing the discovery dispute to the Court. If the parties reach an impasse, then they will file a joint report explaining the dispute. The parties will follow the format and procedure for the filing of any Joint Report of Discovery Dispute as set forth in the Court's Final Scheduling Order (Doc. 9, page 3) concerning any discovery dispute.

9. A material breach of the terms of this Protective Order shall entitle Plaintiffs to seek appropriate sanctions.

IT IS SO ORDERED this the ___21st___ day of ___December___, 2018.

_____NPMarshall Jr._____
U.S. District Court Judge

APPROVED FOR ENTRY:

BY: /s/ Christopher H. Crain
Christopher H. Crain (AR#91219)
Michael G. Derrick (TN# 14820)
6077 Primacy Parkway, Suite 200
Memphis, TN 38119
(901) 526-7399
ccrain@swlawpllc.com
Attorneys for Plaintiffs


By: /s/Carl J. Marshall
Mr. Carl Marshall
The Miller Law Firm
2660 West Park Drive, Suite 2
Paducah, KY 42001
270-554-0051 (Telephone)
866-578-2230 (Facsimile)
cmarshall@millerlaw-firm.com

Mr. Allan C. Crane
The Miller Law Firm
365 Canal Street, Suite 860
New Orleans, LA 70130
504-684-5044 (Telephone)
866-578-2230 (Facsimile)
acrane@millerlaw-firm.com

*Attorneys for Defendants*